**George POPE, Petitioner—Appellant,**

v.

**Randolph L. CANDELARIA, Respondent—Appellee.**

No. 02–17038.

D.C. No. CV–99–05445–DLB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Dec. 22, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

924

Carolyn M. Wiggin, FPDCA–Federal Public Defender's Office (Sacramento), Sacramento, CA, George Pope, pro se, Jamestown, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty. Atty. Gen., AGCA–Office of the California Attorney General (SAC), Sacramento, CA, for Respondent–Appellee.

Before O'SCANNLAIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM**

Appellant George Pope ("Pope" or "Petitioner") was convicted by a jury in California state court of petty theft, misdemeanor battery, and resisting a police officer. Under that state's Three Strikes Law, he was sentenced to life in prison. Pope alleges that he was denied his Sixth and Fourteenth Amendment rights to a fair trial when the judge made the following statement to the jury venire at the beginning of voir dire:

THE COURT: If you think this is just some Nigger just out stealing some meat, I want you to get up and leave my court right now.

In district court, Respondent Candelaria agreed that this statement was made, but argued it was made not only with Pope's consent but also at his specific request.[1] The record contains a declaration from the deputy district attorney who prosecuted the case, stating that there was an in-chambers discussion prior to trial at which Pope, both counsel, and the judge were present. Pope was allegedly concerned that there were members of the jury pool biased against African–Americans and thus indicated that he wished the judge to make the statement.

Pope's habeas petition denies that he was ever a part of such a pre-trial conference and that his trial counsel told him that the judge was going to use the offensive racial epithet. He specifically denies ever consenting to or waiving any objection to the judge's use of the offensive term.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Petitioner is not entitled to a federal evidentiary hearing if he "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). The Supreme Court has interpreted this language as requiring that the prisoner "undertake[ ] his own diligent search for evidence." *Williams v. Taylor*, 529 U.S. 420, 435, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Thus, if the habeas petitioner " 'has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2554(e)(2) [sic] will not preclude an evidentiary hearing in federal court.' " *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir.2000) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir.1998)). While Pope did not specifically request an evidentiary hearing on this issue in state collateral relief proceedings, he did request the voir dire transcript, and this request was denied by the trial court.

As the district court did not hold an evidentiary hearing on this matter and we determine that the record appears substantially incomplete despite Pope's sufficient diligence, we remand. On remand, the district court should focus on the following: (1) Was there a pre-trial conference where it was proposed that this state-

1. Respondent made no appearance and filed no brief before this Court.

ment be made? (2) Who was present at this conference, and who proposed use of the offensive word? (3) Was Pope aware beforehand that the statement would be made? (4) Did Pope actually consent to use of the specific offensive word? (5) And if he did consent, was any such consent informed?

We decline to reach Pope's additional claims of ineffective assistance of counsel because the use of the offensive term so permeates the other issues that it should be addressed as an initial matter.

VACATED AND REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

